United States Courts
Southern District of Texas
FILED

JUN  4 2010

Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. 4:10 cv-01636 |
| | § | |
| $21, 461.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

## DEFENDANT JUAN ALIAGA'S VERIFIED ANSWER TO PLANTIFF'S COMPLAINT FOR FORFEITURE IN REM

NOW COMES JUAN ALIAGA through his counsel of record CHUKWU U. OKO and

hereby files his Verified Answer to Plaintiff's Complaint for Forfeiture in Rem and would show in

support as thus:

1. Defendant agrees to the jurisdiction and the venue of this court in paragraph through 1-4 of

Plaintiff's Complaint. Defendant denies allegations in paragraph 5-7 made in Plaintiff's

Complaint.

2. Defendant, Juan Aliaga has attached herein and incorporate by reference, his Sworn Affidavit as

verification of facts, marked herewith as **Exhibit A**. Defendant is a lawful permanent resident of the

United States, see **Exhibit 1** for a copy of her I-551, lawful permanent resident card. As a permanent

resident he is authorized by U.S. Department of Homeland Security to earn lawful income in the

United States of America.

3. Herein incorporated and hereto attached as Exhibit 1 is Defendant, JUAN ALIAGA (herein

*Defendant's Response, cause no. 4:10 cv-01636*

1

further referred as "Juan"). Juan is a lawful permanent resident of the United States since March 29, 2001, see **Exhibit 1** for a copy of his I-551, lawful permanent resident card. As a permanent resident he is authorized by U.S. Department of Homeland Security to earn lawful income in the United States of America.

4.    Defendant owns several businesses in the Houston area since 2004, see **Exhibit 2** for the copy of his business registration with the Harris County Clerk's Office. Whereas, he buys, sells, and repair and perform other services of computer for his clientele. The money that Defendant was carrying on December 31, 2009 was lawfully earned through these businesses. See attached Exhibit A, Affidavit of Facts.

5.    On or about December 31, 2009, Plaintiff was departing to his country of origin for medical treatment of his disabled child JACKSON JESUS ALIAGA FLORES, date of birth: 04/05/1995. Travelling on the same flight, BUT NOT AS HIS FAMILY MEMBER, was the biological mother of his son BERTHA M. TORRES also known as by her maiden by BERTHA FLORES-SALDANA 02/16/1966 at Bush International Airport at Houston, Texas. Defendant avers that he was not aware of the law that one cannot carry cash money exceeding $10,000.00 when traveling abroad through airplane. Hence, defendant avers he made no attempt to hide or conceal the $14,211.00 (fourteen thousand two hundred and eleven dollars) cash in U.S. currency. Specifically, he had the said amount in his pants' pockets out of good faith to take this said cash to his home country for medical treatment of his disabled son. The money was lawfully earned from computer and repair businesses. See attached Affidavit of Facts **Exhibit A**.

6.    Defendant avers that he is not married to Bertha M. Torres a/k/a Bertha Flores-Saldana,

mother of his disabled Jackson. In fact, she is married to Armando Torres, see **Exhibit B** for Affidavit of Facts from Bertha M. Torres and attached copy of her Marriage License. Therefore, cannot be considered a family.

7.      On the same date and time, agents of U.S. Immigration & Customs Enforcement confiscated $7250.00 (seven thousand two hundred and fifty dollars) in U.S. cash currency from Bertha M. Torres at the Bush International Airport at Houston, Texas and wrongly seized her money along with Defendant's money as one family's money. Later, Plaintiff's wrongly filed a joint complaint in totaling sum of $21,461.00, which was confiscated from Defendant and Bertha M. Torres.

PRAYER

For these reasons, Defendant asks the court to enter judgment that Plaintiff takes nothing, dismiss plaintiff's case with prejudice, award defendant attorney fees, and all other relief to which he is entitled.

Respectfully Submitted,

Chukwu U. Oko, Esquire
TBN: 24007771, SDTX: 23625
OKO & ASSOCIATES LAW FIRM
7324 SW Freeway, Suite 202
Houston, Texas 77074
Tel: (713) 773-4887
Fax: (281) 573-0766
E-mail: okolawpc@hotmail.com

*Defendant's Response, cause no. 4:10 cv-01636*

3

ATTORNEY FOR ~~BERTHA~~ 
~~PENDLETONA &~~
JUAN ALIAGA



### CERTIIFICATE OF SERVICE

I, MARIBEL MOLINA, hereby certify that I have mailed a true copy of the foregoing Disclosure of Interested Parties to the following address of U.S. Attorney's office to the opposing counsel by e-mail and facsimile on _3rd_ this day of _June_ , 2010 as to the local rules.

_Maribel molina_
MARIBEL MOLINA

Assistant U.S. Attorney
Albert Ratliff, Attorney-in-Charge
P.O. Box 61129
Houston, Texas 77208
E-mail: albert.ratliff@usdoj.gov
Office: 713-567-9579
Fax: 713-718-3300

_Defendant's Response, cause no. 4:10 cv-01636_

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **PLAINTIFF** | § | |
| | § | **CIVIL ACTION NO. 4:10-cv-01636** |
| **VS.** | § | |
| | § | |
| **$ 21, 461.00 IN U.S. CURRENCY,** | § | |
| **DEFENDANT** | § | |

### AFFIDAVIT OF JUAN ALIAGA IN SUPPORT OF HER CLAIMS, AND HER ANSWER IN THE ABOVE NUMBERED AND ENTITLED CAUSE

BEFORE ME, the undersigned authority, on this day personally appeared, MR. JUAN ALIAGA, who by me duly sworn, on oath stated:

My name is JUAN ALIAGA. I am above eighteen years of age and fully competent to swear this affidavit based on the personal knowledge of facts sworn herein. I am a resident of the Harris County of Texas, and a Permanent Resident of the United States of America. A copy of my Green card is herein incorporated and hereto attached as **Exhibit 1.**

1. I attest that I am divorced and currently not married to anyone.

2. I attest that I am a lawful permanent resident of the United States since 03/29/2001, A# 079-615-943, see Exhibit 1. I attest that in lieu of my lawful permanent resident card issued to me by the U.S. Department of Homeland Security, I have been authorized to earn lawful income in the U.S.

3. I attest that I own my business namely Graphicox Internet & Computer Services since 10/15/2004 with new office located at 34 Berry Road, Unit C, Houston, Texas 77022, see **Exhibit 2** for DBA listing attached herewith from Harris County of Texas Clerk's office. In total, I have three locations in Houston area for my business and www.911-computer.com; see **Exhibit 3** for the copy of Home page for my business website. At my said business I buy, sell and repair computers. I also own business namely Easy Buy Computer, see **Exhibit 4** for the DBA listing from the Harris County of Texas Clerk's office. At my business I provide computer programming, computer virus cleanings, software upgrades, and networking to my customers, see **Exhibit 5** for the copy of photographs of one location of my business attached herewith fully incorporated herein by reference. Accordingly, I have duly filing my taxes with the State of Texas.

4. I attest that I lawfully earned $ 14, 211.00 (fourteen thousands two hundred and eleven U.S. dollars) confiscated by the U.S. Border and Customs Enforcement on December 31, 2009 at the Bush

Intercontinental Airport at Houston, Texas. On that day, I unknowingly and unintentionally carried said amount I did not know about such law that travelers cannot carry any amount exceeding $10,000.00 (ten thousand dollars) cash. Therefore, I had openly carried my money in my pant pockets.

5. I attest that I have a son Jackson Jesus Aliaga Flores, date of birth: 04/05/1995 was born with the severe mental disabilities/retardation, see **Exhibit 6** for the copy of Determination of Mental Retardation from Mental Health Mental Retardation Authority of Harris County by Noel Traya, M.A. TDMHMR Certified Psychologist # 1142, MR Eligibility Determination Unit. My son is a lawful permanent resident of the United States. Therefore, on December 31, 2009, I was traveling with Ms. Bertha M. Torres also known as Bertha Flores-Saldana mother of the said child to our home country for medical treatment for our son and this is why I was carrying said amount in my pants' pockets (*i.e.* not with the intentions to hide said cash).

6. I further attest that I was never married to Ms. Bertha M. Flores. We have been separated since 2000. Ms. Bertha M. Torres is married to Mr. Armando Torres and she is NOT married to me. Hence, we are NOT a family per se. Therefore, officers were wrong adding my money ($14211.00) with the money of Ms. Bertha M. Torres for the sum of $7,250.00.

7. For this reason I am filing a claim to get my fourteen thousand two hundred and eleven dollars ($14,211.00).

*Further Affiant Sayeth Not*



JUAN ALIAGA

**SUBSCRIBED AND SWORN TO BEFORE ME**, the undersigned authority, on the ___28th___ day of ___May___, 2010.

T. Marquez

**NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS**

3/4/2014

My commission expires on:

TIRSA E. MARQUEZ
MY COMMISSION EXPIRES
MARCH 4, 2014

*Affidavit of Facts of Juan Aliaga, civil action no.: 4:10-cv-01636*

2



# EXHIBIT 2

# BEVERLY B. KAUFMAN
# HARRIS COUNTY CLERK



**Return to
Main
Menu**

Home | Help | Download Acrobat Reader

## Assumed Names

| | |
|---|---|
| File No.: | Search   Clear |
| ⊙ Business ○ Owner | |
| *Name: Graphicox | Search   Clear |
| *Enter Last Name First No Punctuation | |
| Date: YYYYMMDD | Search   Clear |

1 Record(s) Found.

<< Previous 1 Next >>

| File Number | Business Name and Address | Owner Name (s) and Address (es) | Status | Type | Date YYYYMMDD | Term | Pgs. | Film Code |
|---|---|---|---|---|---|---|---|---|
| B366682 | GRAPHICOX 11007 Hayslip Ln Houston TX 77041 | Aliaga Juan Carlos 11007 Hayslip Ln Houston TX 77041 | | | 20041015 | 10 | 1 | 235901827 |

<< Previous 1 Next >>

# EXHIBIT 3



# EXHIBIT 4

| File Number | Business Name and Address | Owner Name (s) and Address (es) | Status | Type | Date YYYYMMDD | Term | Pgs. | Film Code |
|---|---|---|---|---|---|---|---|---|
| | #204 Houston TX 77043 | 7010 Langdon Lane Houston TX 77049 | | | | | | |
| T134382 | EASY BUY COMPUTER 34 BERRY RD HOUSTON TX 77022 | ALIAGA JUAN 34 BERRY RD HOUSTON TX 77022 | | Uncorporated | 20100120 | 10 | 1 | 239992507 |
| T137159 | EASY BUY COMPUTER 34 BERRY RD HOUSTON TX 77022 | ALIAGA JUAN ETAL 34 BERRY RD HOUSTON TX 77022 | | Uncorporated | 20100518 | 10 | 1 | 240841167 |

<< Previous 1 Next >>

# EXHIBIT 5



# EXHIBIT 6

MR Authority Services
Eligibility Determination Unit
7011 Southwest Freeway
Houston, Texas 770/
(713) 970-7100

MENTAL HEALTH · MENTAL RETARDATION
AUTHORITY OF HARRIS COUNTY

# DETERMINATION OF MENTAL RETARDATION
## MR Eligibility Determinations
### Date of Evaluation: 11-19-2004

**NAME:** Jackson Aliaga
**ADDRESS:** 11007 Hayslip Lane
Houston, TX 77211
**TEL #:** 713-856-6692
**DOB:** 04-05-1995

**CASE #:** 357195
**SS#:** 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
**FINANCIAL STATUS:** None
**LEGAL STATUS:** Minor
**AGE:** 9-7

**EXAMINER:** Noel Traya, MA, TDMHMR Certified Psychologist

**BACKGROUND INFORMATION:** Jackson Aliaga was seen for determination of eligibility for mental retardation services from this Authority. He was a product of a pregnancy that was complicated with toxoplasmosis. Jackson was born with hydrocephalus and a shunt was installed at birth. He also underwent several surgical procedures to correct problems with his feet and his eyes during infancy. Jackson was diagnosed with Cerebral Palsy as a very young child. He talked between age 1 ½ to 2 years, but he was not able to walk independently until after his 6th birthday. Jackson attended school, initially as a student with orthopedic impairment and mental retardation. At about 6 years of age, Jackson reportedly started having behavioral problems, including almost "compulsively pulling his ears to the point of bleeding" and yelling/screaming, which resulted in his admission to a hospital. At that time he was found having a convulsion and an aneurysm was detected on the right side of his brain. Several other behavior problems, which have impacted Jackson's educational as well as family life, have been observed since then but has not been really formally identified and/or even addressed in the school system. Jackson and his father, along with his one older brother have moved to live in Texas most recently, while his mother continues to live in California. Mr. Aliaga does not work at this time, but devotes his time with trying to settle his family in Houston. Jackson is a very affectionate person, according to his father. Occasionally, he wets and/or defecates on himself when he gets upset and/or when he "gets into a seemingly compulsive mood of pulling his ears as well as screaming and yelling, but he also responds to being held physically closely by his parents. Jackson reportedly loves to watch television on his free time. Just like any other normal youth of his age, Jackson also likes to play video games.

## RESULTS OF PREVIOUS ASSESSMENTS

**09-25/26-2003, Lourdes Herrera, PsyD, Miami-Dade County Public Schools: CA=8-1**

**WISC-III:**   FSIQ=49   VIQ=59   PIQ=46

| Verbal Tests | SS | Performance Tests | SS |
|---|---|---|---|
| Information | 4 | Picture Completion | 1 |
| Similarities | 2 | Coding | 1 |
| Arithmetic | 1 | Picture Arrangement | 1 |
| Vocabulary | 6 | Block Design | 1 |
| Comprehension | 1 | Object Assembly | 1 |

**Woodcock Johnson III Tests of Achievement:**

| Academic Skills | GE | SS |
|---|---|---|
| Letter Wd. Ident. | k.8 | 41 |
| Calculation | 1.2 | 62 |
| | k.7 | 59 |

| | | |
|---|---|---|
| Spelling | k.4 | 51 |
| Passage Comprehension | k.4 | 48 |
| Applied Problems | <k.0 | 55 |

Comments: Jackson functions higher than was revealed in the evaluation. However, his behaviors during the 2003-2004 have been uncontrollable. Jackson yells and screams in the classroom, hits hi ear in a very compulsive manner, and does not allow other children to do their classwork. He still relies on adults for self-control. He has uncontrollable anger and oppositional behavior, is uncooperative, disruptive, and socially maladjusted. He exhibits lack of relationship with his peers, and is extremely manipulative.

**03-19-2003, Jane Flack, SSW: Miami-Dade County Public Schools: CA=7-11**

| Scales of Independent Behavior-Revised: | SS | AE |
|---|---|---|
| Broad Independence | 37 | 3-9 |

**12-10-2001, M. Mir, Psychologist, Miami-Dade County Public Schools: CA = 6-8**
**Wechsler Intelligence Scale for Children-III: (WISC-III): FSIQ=66, VIQ=83, PIQ=53**

| Verbal Subtests | SS | Performance Subtests | SS |
|---|---|---|---|
| Information | 5 | Picture Completion | 4 |
| Similarities | 6 | Coding | 3 |
| Arithmetic | 2 | Picture Arrangement | 2 |
| Vocabulary | 9 | Block Design | 1 |
| Comprehension | 12 | Object Assembly | 1 |
| (Digit Span) | (7) | | |

Developmental Test of Visual-Motor Integration:    SS=63 AE=4-6

| Woodcock-Johnson Achievement Battery-Revised: | SS |
|---|---|
| Broad Reading | 69 |
| Broad Math | 71 |
| Broad Cognitive Battery | 45 |
| Comprehension-Knowledge | 65 |

**08-31-2001, Maria Annone, LCSW, Miami-Dade County Public Schools: CA=6-5**

| Scales of Independent Behavior-Revised: | SS | AE |
|---|---|---|
| Broad Independence | 24 | 2-6 |
| Motor Skills | | 1-0 |
| Social/Communication | 78 | 4-6 |
| Personal Living | 35 | 2-6 |
| Community Living | 54 | 3-4 |

**CURRENT ASSESSMENT METHODS**: Review of available records along with interview with the father and observation of Jackson Aliaga. The Wechsler Abbreviated Scale of Intelligence (WASI) was administered to verify current level of intellectual functioning, along with the Vineland Adaptive Behavior (VABS) and the Inventory for Client and Agency Planning (ICAP) to assess the current level of adaptive behavior.

**BEHAVIORAL AND GENERAL OBSERVATIONS**: Jackson Aliaga was appropriately dressed for the evaluation. He appeared apprehensive, initially, but his eye contact was adequate. Rapport was easily established and maintained throughout the evaluation. Jackson walked with a visible limp but he appeared to be independent in his ambulation skills. His fine motor speed and coordination were adequate for testing tasks. His hearing and vision appeared grossly normal. He spoke in sentences in a logical and goal directed speech and he appeared very knowledgeable of his personal information and able to respond appropriately to the conversations. He participated fully in the intelligence testing that the results can be considered confidently as accurate representation of his current levels of intellectual and adaptive functioning.

## CURRENT ASSESSMENT RESULTS

**Wechsler Abbreviated Intelligence Scale (WASI)**: FSIQ = 58, VIQ = 55, PIQ = 67

| Verbal Tests | T-Scores | Performance Tests | T-Scores |
|---|---|---|---|
| Vocabulary | 20 | Block Design | 29 |
| Similarities | 20 | Matrix Reasoning | 26 |

The WASI is an individually administered measure of general intellectual functioning normed for individuals from 6 to 89 years of age with a mean of 100 and a standard deviation of 15. The WASI was developed to meet the demands for a short and reliable measure of intelligence. The WASI was utilized in this evaluation because a full battery of the WISC-III had already been administered previously, where Jackson had obtained IQ scores that fell within the moderate to mild range of mental retardation. Jackson performed about one standard deviation better on performance tests than on verbal tasks, but his overall WASI Full Scale IQ of 58 continues to fall within the mild range of mental retardation, which is consistently within the range of scores of his achievements in previous evaluations.

### Scales of Independent Behavior-Revised:

| | SS | AE |
|---|---|---|
| Broad Independence | 37 | 3-9 |
| Motor Skills | | 2-8 |
| Social/Communication Skills | 61 | 4-2 |
| Personal Living | 58 | 3-11 |
| Community Living | 53 | 4-8 |

The adaptive behavior level was not assessed, as the parent indicated the results of SIB-R performed by J. Flack from the Miami-Dade County Public Schools on 03-19-2003 were still current at the time of this evaluation. At that time, Jackson obtained a Broad Independence score of 37, indicating moderate impairment in adaptive behavior.

**Inventory for Client and Agency Planning (ICAP):**

| | Standard Score | Age Equivalent |
|---|---|---|
| Motor Skills | <5 | 1-9 |
| Social & Communication | 43 | 2-10 |
| Personal Living | <5 | 1-10 |
| Community Living | 70 | 6-8 |
| Broad Independence | 14 | 2-8 |

**Service Score = 51     Service Level = 5     Level of Need = Limited (LON=5)**

| Problem Behavior | Frequency | Severity Rating |
|---|---|---|
| Hurts Self (scratches self) | 1-3 x/mo. | mild problem |
| Disruptive (Interrupting) | 1-3 x/mo. | mild problem |
| Uncooperative (pouting) | 1-3 x/mo. | mild problem |

The ICAP is a standardized assessment instrument, which measures both adaptive and maladaptive behaviors. The ICAP Service level Score is a linear combination of adaptive behavior (weighted 70%) and maladaptive behavior (weighted 30%) designed to reflect the interaction of these behaviors in determining the level of care, support, supervision or habilitation the individual needs. The ICAP was administered on 11-19-2004 by Christopher Fuller, BA, for MHMRA of Harris County, based on information from Jackson Aliaga's records and provided by his father. Jackson Aliaga obtained a Service Score of 51 and a Service Level of 5, which corresponded to a **Limited Level of Need (LON = 5)** from the Texas Department of Mental Health and Mental Retardation LON table which indicated the need for limited personal care and/or close supervision.

**FINDINGS/DISCUSSION**: Jackson's achievement in intellectual tests has been variable but the results of current intellectual testing continue to fall within the mild to moderate range of mental retardation. Occasional behavioral difficulty appear to have organic origin, as per historical background information, but further verification and/or evaluation appear to be appropriate at this time. Having considered the influence on the assessment results of Jackson Aliaga's cultural background, language, communication style, physical capacities, sensory abilities, motivation, emotional factors, and testing conditions, this examiner concludes that the current assessment results seem valid and reliable.

Jackson Aliaga is found to be a person with mental retardation as defined by the Persons with Mental Retardaton Act (PMRA), as amended, (codified at Tex. Health & Safety Code Ann., Title 7, subtitle D), by reason of having demonstrated significantly subaverage general intellectual functioning concurrent with deficits in adaptive behavior and manifested during the developmental period (birth to 18 years of age). [Governing rules are contained in Texas Administrative Code, Title 40, Part I, Chapter 5, Subchapter D.]

**AGE OF ONSET**: Mental retardation indicated through formal testing at age 6 years.